**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **IN RE NIASPAN ANTITRUST LITIGATION** | * * * | **CIVIL NO. JKB-15-1208** |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Now pending before the Court is the motion of non-party Lupin Pharmaceuticals, Inc. to quash (ECF No. 1) in reference to a subpoena dated January 7, 2015, and directed at Lupin Pharmaceuticals in relation to multidistrict litigation pending in the Eastern District of Pennsylvania (E.D. Pa. Case No. 13-MD-2460). On May 13, 2015, the Court ordered counsel to address: (1) whether this Court has authority under Federal Rule of Civil Procedure 45(f) to transfer this motion to the Eastern District of Pennsylvania; and (2) if so, whether this Court should exercise that authority. (ECF No. 9.) The issues have been briefed (ECF Nos. 10, 11) and no hearing is required, Local Rule 105.6.

"[A] subpoena must be issued by the court where the underlying action is pending," (the "issuing court"), "but challenges to the subpoena are to be heard by the district court encompassing the place where compliance with the subpoena is required," (the "compliance court"). *Woods ex rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 406 (N.D. Al. 2014) (citing Fed. R. Civ. P. 45(a)(2), (d)(3)(A)).[1] The compliance court may, however, transfer a subpoena-related motion to the issuing court "if the [compliance] court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The Advisory Committee note explains when a transfer may be appropriate:

---

[1] In this case, the District of Maryland is the compliance court, and the Eastern District of Pennsylvania is the issuing court.

> [T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when . . . the same issues are likely to arise in discovery in many districts . . . . [but] only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f) advisory committee's note.

While familiarity with the underlying action will not always justify a transfer, it is a compelling factor in "highly complex" cases where the issuing court is aware of "the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation." *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C. 2014). Further, where the underlying action is a multidistrict litigation, transfer may be warranted to avoid piecemeal rulings by different judges, reaching different conclusions, in resolving identical disputes. *C.f. Woods*, 303 F.R.D. at 409 (holding that, "*absent multi-district concerns*," the risk of inconsistent rulings is not an exceptional circumstance) (emphasis added). Here, the issuing court is already coordinating discovery in the underlying multidistrict action. Further, that court has already issued subpoenas to entities in various other states (ECF No. 10 at 3), and the issues raised in Lupin's motion to quash are likely to arise in these other districts. Such exceptional circumstances outweigh Lupin's interest in obtaining local resolution of the motion.

For these reasons, the Court ORDERS that the motion of non-party Lupin Pharmaceuticals, Inc. to quash (ECF No. 1) be TRANSFERRED to the Eastern District of Pennsylvania.

DATED this 26th day of May, 2015.

                                                        BY THE COURT:

                                                        /s/
                                                     James K. Bredar
                                                     United States District Judge